# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carman Nicholas King,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-15-0265-PHX-NVW (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:**

  Pending before the Court is Petitioner Carman Nicholas King's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1).[1] Respondents have filed their Answer (Doc. 15). Petitioner has filed a "Counter claim to respondents [sic]," (Doc. 16), which is deemed to be a Reply. The matter is deemed ripe for consideration.

  Petitioner raises three grounds for habeas relief in the Petition. The undersigned finds that the Petition is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat.

---

[1] On March 30, 3015, Petitioner filed a supplement (Doc. 11) to the Petition. The undersigned has considered the supplementary information in making the recommendations contained herein.

1214.[2] It is therefore recommended that the Petition be denied and dismissed with prejudice.

## I. BACKGROUND

On February 19, 2009, Petitioner signed a plea agreement in which Petitioner pled guilty to theft of means of transportation, a class 3 felony, in violation of Arizona law. (Doc. 15-1 at 38-40). The trial court accepted Petitioner's guilty plea. (*Id*. at 42-43). At the March 23, 2009 sentencing hearing, the trial court suspended the imposition of sentence and placed Petitioner on a three-year term of supervised probation "commencing upon absolute discharge from prison for a separate offense." (*Id*. at 51-53). On November 4, 2011, Petitioner was released from prison and Petitioner's probationary term commenced. (*Id*. at 59).

On June 1, 2012, the State petitioned the trial court to revoke Petitioner's probation. (*Id*. at 62-63). The State alleged that Petitioner violated several terms of his probation, including the first term that required Petitioner to obey all laws. (*Id*. at 45-46, 62-63; 67-68). In a separate Arizona state criminal case filed in 2012, Petitioner was convicted for the crime of possession or use of dangerous drugs, a class 4 felony. (Doc. 15-3 at 164-65). On October 19, 2012, Petitioner admitted to violating the first term of his probation by committing the crime of possession or use of dangerous drugs. (*Id*. at 165-66). The trial court accepted Petitioner's admission and revoked Petitioner's probation. (*Id*. at 167-68). At the February 4, 2013 sentencing hearing, the trial court sentenced Petitioner to a 3.5 year term of incarceration, which was to run concurrently with Petitioner's sentence for the conviction of possession or use of dangerous drugs. (*Id*. at 186; Doc. 15-1 at 81-84).

On March 15, 2013, Petitioner filed a notice of post-conviction relief ("PCR"). (Doc. 15-1 at 87-90). When Petitioner's appointed PCR counsel was unable to find a colorable claim for relief, the trial court ordered Petitioner to file a pro se PCR petition by

---

[2] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

September 9, 2013. (*Id*. at 92, 104, 109). On September 27, 2013, the trial court dismissed the PCR proceeding as Petitioner failed to file a pro se PCR petition. (*Id*. at 112). Petitioner filed a second PCR petition in December 2013 and a third PCR petition in 2014. (*Id*. at 124-29, 131-33; Doc. 15-2 at 98, 104-15). As explained in more detail in Section III(B)(1) below, the trial court dismissed both petitions. (Doc. 15-2 at 74-75, 101).

On February 9, 2015, Petitioner filed the Petition (Doc. 1) seeking federal habeas relief.[3] The Court ordered Respondents to answer the Petition (Doc. 6). Respondents filed their Answer on May 22, 2015 (Doc. 14). Petitioner replied on June 8, 2015 (Doc. 16).

## II. FEDERAL HABEAS LAW

### A. Statute of Limitations Under the Antiterrorism and Effective Death Penalty Act of 1996

Under AEDPA, a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> 1. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> 2. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> 3. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> 4. The date on which the factual predicate of the claim

---

[3] The Petition was docketed by the Clerk of Court on February 12, 2015. The Petition contains a certificate of service indicating that Petitioner placed the Petition in the prison mailing system on February 9, 2015. (Doc. 1 at 11). Pursuant to the prison mailbox rule, the undersigned has used February 9, 2015 as the filing date. *Porter v. Ollison,* 620 F.3d 952, 958 (9th Cir. 2010) ("A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing.").

>  presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling.

### B. Statutory Tolling

AEDPA provides that the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

A statutory tolling analysis under AEDPA begins by determining whether the collateral review petition was "properly filed." This is because statutory tolling does not apply to collateral review petitions that are not "properly filed." *Pace v. DiGuiglielmo*, 544 U.S. 408 (2005); 28 U.S.C. § 2244(d)(2). A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling). This includes compliance with filing deadlines. An untimely state collateral review petition is not "properly filed." *Pace,* 544 U.S. at 417 (holding that "time limits, *no matter their form,* are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely).

If the collateral review petition was "properly filed," then the Court must determine the dates it was "pending." In Arizona, a PCR petition becomes "pending" as soon as the notice of PCR is filed. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona

- 4 -

1 postconviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.

### C.  Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way. *Pace*, 544 U.S. at 418; s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

### D.  Actual Innocence/*Schlup* Gateway

If a district court finds that a federal habeas petition is untimely, the untimeliness may be excused by an equitable exception to AEDPA's statute of limitations. In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of

constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir.2011); *McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence"). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

### III. ANALYSIS OF THE PETITION

#### A. The Petition is Time-Barred by AEDPA's Statute of Limitations

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But here, unlike in many federal habeas cases, there are two judgments that could be used to calculate the timeliness of the Petition: (i) the March 2009 judgment that convicted Petitioner of theft of means of transportation and imposed probation and (ii) the February 2013 judgment that revoked Petitioner's probation and sentenced Petitioner to 3.5 years in prison. Another District Court faced with a similar issue concluded that:

> Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final. *See Davis v. Purkett*, 296 F.Supp.2d 1027, 1029-30 (E.D. Mo. 2003).

*Williams v. Vasbinder*, 2006 WL 2123908, at *2 (E.D. Mich. 2006).

The conclusion in *Williams* is consistent with cases in the District of Arizona and other districts. *See, e.g., Morgan v. Ryan*, 2011 WL 6296763, at *7 (D. Ariz. 2011) (analyzing the timeliness of a habeas petition by first determining whether the petitioner was challenging his sentence upon original conviction or sentence upon revocation of probation), *adopted*, 2011 WL 6296758 (D. Ariz. 2011); *Nost v. Broadhead*, 2015 WL 5446810, at *3 (D. Ariz. 2015) (finding that habeas petition challenging original judgment of guilt was time-barred even though the petitioner's probation was revoked after the limitations period had expired), *adopted*, 2015 WL 5444293 (D. Ariz. 2015); *Williams v. Smith*, 2012 WL 3985609, at *2 (E.D. Va. 2012) (finding that where a habeas petition challenges both his original conviction and a probation revocation, it is appropriate to separate the claims relating to the original conviction from the claims relating to the probation revocation).

Here, Petitioner lists "3/23/2009" as the date of the judgment of conviction that he is challenging. (Doc. 1 at 1). Petitioner's requested relief is to "overturn the conviction[,] give me a new trial, coerced into taking plea." (*Id.* at 11). All three grounds for relief pertain to the March 2009 judgment. As described in the Court's February 24, 2015 Order:

> In Ground One, [Petitioner] alleges that his grand jury indictment was rendered defective and his due process rights violated when "police testified to information that was told to them by another law enforcement agency out of another country." In Ground Two, Petitioner claims that his due process rights were violated once again when Pinal County Deputy County Attorney Matthew S. Long destroyed evidence [on April 17, 2009] that would have been favorable to Petitioner's case. In Ground Three, Petitioner alleges that his $50,000 bail [imposed as a release condition on September 12, 2008][4] was excessive, and that it constituted a violation [of] the Eighth Amendment's bar on cruel and unusual punishment.

(Doc. 6 at 2). Petitioner presents no claim arising from the revocation of Petitioner's probation. Neither does Petitioner show that Petitioner could not have challenged his

---

[4] Doc. 15-1 at 14.

conviction directly after the March 2009 judgment.[5] The undersigned concludes that the March 23, 2009 judgment is the appropriate judgment for purposes of calculating the timeliness of the Petition.[6]

### 1. The Statute of Limitations Commenced on June 23, 2009

To calculate the timeliness of the Petition, the undersigned must first determine the date that the March 23, 2009 judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing. But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ.REV.STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to an of-right PCR proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

Under Ninth Circuit case law, an Arizona defendant's of-right PCR proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro,* 481 F.3d 710, 711, 716–17 (9th Cir. 2007). Hence, when an Arizona petitioner's PCR proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id.*

Pursuant to Rule 32.4 of the Arizona Rules of Criminal Procedure, the deadline for filing a PCR notice in an of-right PCR proceeding is "ninety days after the entry of judgment and sentence . . . ."[7] Here, ninety days from the March 23, 2009 judgment is

---

[5] As noted previously, the trial court ordered that Petitioner's probationary term was to run consecutively to a term of incarceration imposed on Petitioner in a separate state court case. (Doc. 15-1 at 51-53). To the extent that Petitioner may argue that he could not have challenged the conviction prior to the commencement of his probation, the Supreme Court has held that prisoners incarcerated under consecutive state-court sentences may seek federal habeas relief from sentences they have not yet begun to serve. *Peyton v. Rowe*, 391 U.S. 54 (1968).

[6] Respondents calculate the timeliness of the Petition by using the February 2013 probation revocation judgment. (Doc. 15 at 15). If the Court adopts Respondents' position, Section III(B) below shows that the Petition would remain untimely.

[7] Or "within thirty days after the issuance of the final order or mandate by the

- 8 -

June 22, 2009.  Petitioner did not file a PCR notice within this timeframe.  Therefore, Petitioner's judgment of conviction became final on June 22, 2009 and the limitations period commenced on June 23, 2009.  Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas petition expired on June 22, 2010, rendering the February 2015 Petition untimely.  *Summers*, 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).

### 2.  Statutory Tolling is Unavailable

All of Petitioner's PCR petitions were filed in 2013 and 2014—after the limitations period had expired.  Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, Petitioner is not entitled to statutory tolling.

### 3.  Equitable Tolling is Unavailable

Regarding equitable tolling, Petitioner has the burden to show that extraordinary circumstances beyond Petitioner's control made it impossible for him to file a timely federal petition.  *Roy*, 465 F.3d at 969; *Gibbs*, 767 F.3d at 888 n.8.  A petitioner's pro se status, on its own, is not enough to warrant equitable tolling.  *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005).  In addition, a petitioner's miscalculation of when the limitations period expired does not constitute an "extraordinary circumstance" warranting equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Alexander v. Schriro*, 312 F. App'x 972, 976 (9th Cir. 2009) ("Ultimately [the petitioner] made an incorrect interpretation of the statute and miscalculated the limitations period.

---

appellate court in the petitioner's first petition for post-conviction relief proceeding." Ariz. R. Crim. P. 32.4.

- 9 -

This does not amount to an 'extraordinary circumstance' warranting equitable tolling.").

Petitioner makes no equitable tolling claim. Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling. Nor has Petitioner shown that an external impediment hindered the diligent pursuit of his rights. The undersigned finds that equitable tolling is unavailable. Accordingly, because the limitations period was not statutorily or equitably tolled, the Petition is untimely.

### 4. Actual Innocence/*Schlup* Gateway

In his "Counter claim to respondents [sic]" (Doc. 16 at 4), Petitioner states that "Petitioner only signed plea because attorney was not effective but to this day he still states he is innocent of said crime." This conclusory statement is insufficient to establish an actual innocence/*Schlup* gateway claim.[8] *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt."). The undersigned does not find that the record and pleadings in this case contain "evidence of innocence so strong that [the Court] cannot have confidence" in the outcome of the proceedings. *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). The undersigned recommends that the Court find that Petitioner cannot pass through the actual innocence/*Schlup* gateway to excuse the untimeliness of this federal habeas proceeding.

---

[8] Moreover, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F .3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

### B. Alternative Timeliness Analysis Using the February 2013 Probation Revocation Judgment

Respondents have used the trial court's February 2013 judgment revoking Petitioner's probation as the relevant judgment for calculating the timeliness of the Petition. The analysis below shows that the Petition would remain untimely even if the Court found that the probation revocation judgment is the relevant judgment for purposes of the statute of limitations.

The probation revocation judgment was issued on February 4, 2013. (Doc. 15-1 at 81-85). On March 15, 2013, Petitioner filed a notice of PCR. (*Id*. at 89). The undersigned will assume *arguendo* that Respondents are correct in treating this notice as initiating a timely "of-right" PCR proceeding. (Doc. 15 at 15). On September 27, 2013, the trial court dismissed the PCR proceeding. (Doc. 15-1 at 112). Petitioner had 35 days from September 27, 2013 (until November 1, 2013) to petition the Arizona Court of Appeals for review of the trial court's order. Ariz. R. Crim. P. 32.9(c), 1.3(a); *State v. Zuniga*, 786 P.2d 956, 957 (Ariz. 1990); *State v. Savage*, 573 P.2d 1388, 1389 (1978). Petitioner did not file a petition for review. The probation revocation judgment therefore became final on November 1, 2013 and the limitations period commenced on November 2, 2013. Accordingly, unless tolling applies, the limitations period expired on November 1, 2014. *Summers*, 481 F.3d at 717; *see Gonzalez*, 132 S.Ct. at 654; *Patterson*, 251 F.3d at 1246.

#### 1. Statutory Tolling

On December 6, 2013, Petitioner filed a second PCR petition. (Doc. 15-1 at 124-29, 131-33) After briefing, the trial court issued an April 4, 2014 ruling dismissing the PCR petition. (Doc. 15-2 at 74-75). Petitioner petitioned the Arizona Court of Appeals for review of the trial court's ruling. (*Id*. at 85-89). On July 28, 2014, the Arizona Court of Appeals granted review, but denied relief. (Doc. 15-3 at 3-5). The court stated that the second PCR petition was untimely and affirmed the trial court's ruling dismissing the petition. (*Id*. at 4). On January 20, 2015, the Arizona Supreme Court denied Petitioner's

1 request for further review. (*Id*. at 98). Because the state court deemed the second PCR petition untimely, it was not properly filed and has no statutory tolling effect. *Pace*, 544 U.S. at 417.

On March 13, 2014, the trial court's clerk of court received a letter from Petitioner enclosing his third PCR petition. (Doc. 15-2 at 98). On May 22, 2014, the trial court issued an order noting that it received a third PCR petition and ordered that the clerk of court file it. (*Id*. at 101). The trial court found that Petitioner was precluded from raising the claims presented in the third PCR petition and summarily dismissed the petition. (*Id*.). The trial court implicitly held that the third PCR petition did not fit within one of the exceptions provided in Rule 32.2(b) of the Arizona Rules of Criminal Procedure that allow an untimely PCR petition to proceed. *See Evans*, 546 U.S. at 198 (on habeas review, "the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness"). Accordingly, the undersigned finds that the third PCR petition was not properly filed and could not statutorily toll the limitations period. *Pace*, 544 U.S. at 417.

### 2.  Equitable Tolling and Actual Innocence/*Schlup* Equitable Exception

As explained in Section III(A)(3) above, equitable tolling does not apply. Thus, the Petition is untimely as it was filed after the statute of limitations expired on November 1, 2014. As explained in Section III(A)(4), Petitioner does not satisfy the actual innocence/*Schlup* equitable exception to AEDPA's statute of limitations.

### C.  Petitioner's Request for an Evidentiary Hearing

On the first page of the Petition, Petitioner states "Evidentiary hearing requested." (Doc. 1 at 1). Petitioner, however, does not articulate why he believes an evidentiary hearing is needed. The undersigned finds that the record is sufficiently developed and that an evidentiary hearing is unnecessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Accordingly, the undersigned recommends that the Court deny Petitioner's request for an evidentiary hearing.

## IV.  CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Petition on the basis that it is time-barred.  The undersigned also recommends that the Court deny Petitioner's request for an evidentiary hearing.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Court deny Petitioner's request for an evidentiary hearing.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 19th day of January, 2016.

Honorable Eileen S. Willett
United States Magistrate Judge